94 F.3d 653
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sharon SEEGER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
* Defendant-Appellee.
 No. 95-55870.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 5, 1996.
Decided Aug. 14, 1996.
 
 Before: D.W. NELSON, T.G. NELSON and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Since the parties are familiar with the facts, we need not recite them here.
 
 
 3
 The issue before the Administrative Law Judge (ALJ) was whether recovery of overpayments to Seeger should be waived, not whether the fact or the amount of the overpayments was correct. Seeger's failure to make a timely request for reconsideration of the fact or amount of overpayment resulted in a final and binding determination. 20 C.F.R. § 404.905; see also Watson v. Sullivan, 940 F.2d 168, 170 (2d Cir.1991).
 
 
 4
 We reject Seeger's argument that the initial determination document did not inform her that she had the right to appeal the initial determination. Evidence in the administrative record shows that Seeger was informed of her right to contest the overpayment assessment and that Seeger refused to cooperate with the Social Security Administration (SSA) to resolve the overpayment.
 
 
 5
 The ALJ's determination that Seeger was not without fault in accepting overpayments is supported by substantial evidence in the record. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). First, there is no evidence in the record indicating that Seeger did not understand her reporting requirements and responsibilities as a representative payee or recipient of disability insurance benefits and supplemental security income payments. Also, Seeger was "flagrantly uncooperative in providing any necessary information," when the SSA was initially investigating her employment activities for the period between 1975 and January 1984. Furthermore, Seeger implicitly admitted accepting overpayments in her request for waiver of overpayment.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Pursuant to Pub.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Commissioner of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security effective March 31, 1995. In accordance with section 106(d) of Pub.L. 103-296, Shirley S. Chater, Commissioner of Social Security, is substitute for Donna E. Shalala, Commissioner of Health and Human Services, as the defendant in this action
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3